```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

| | |
|---|---|
| HERBERT HINES, § | |
| TDCJ-CID #658911, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-0283 |
| § | |
| DOUG DRETKE,[1] § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Herbert Hines, an inmate of the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and the available state court records, the court will dismiss Hines' habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d).

**I. Procedural History and Claims**

After entering a guilty plea, Hines was convicted of murder, and the state district court sentenced him to thirty years in

---

[1] Hines has named more than 68 respondents in his habeas petition, including former legislators, police officers, correctional officers, counselors, and nurses. TDCJ-CID Director, Doug Dretke, is the correct respondent. See Ladner v. Smith, 941 F.2d 356, 356 n.1 (5th Cir. 1991).

prison. State v. Hines, No. 617106 (177th Dist. Ct., Harris County, Tex., Oct. 16, 1992). No appeal was filed.

Years later, Hines filed two state applications for a writ of habeas corpus challenging the conviction pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The first application was filed in state district court on November 7, 1996. The application was transferred to the Texas Court of Criminal Appeals, which denied it without a written order on February 12, 1997. Ex parte Hines, No. WR-33,028-01. A second state habeas application was filed on May 6, 2003,[2] and was dismissed for abuse of the writ on July 30, 2003, pursuant to section 4 of Article 11.07. Ex parte Hines, No. WR-33,028-02.

The pending federal petition is considered filed on January 20, 2005, the date of Hines' signature, which is the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to this court. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

---

[2]On page 4 of the petition, using the court authorized form (Docket Entry No. 1), Hines states that he filed his second state habeas application on February 26, 2004. He further declares that a "Motion & Objection" was filed on July 30, 2003. Because of the chronological inconsistencies in the petition, the court verified the pleading dates by checking the Court of Criminal Appeals' website (http://www.cca.courts.state.tx.us/) and by telephoning the Harris County District Clerk's Office. The dates of state court actions and filings cited in this Memorandum Opinion are those that are supported by the state and county records.

Hines raises the following claims[3] in his federal petition:

1. Hines' guilty plea was unknowingly and involuntarily made because he did not understand the charge and the consequence of his plea.

2. Hines' attorney misled him regarding the amount of time he would be required to serve.

3. Evidence against Hines was the product of an illegal search and arrest.

4. Hines was illegally held.

5. Hines' attorney conspired with the State to convict him through a plea bargain.

6. Hines' conviction was the result of a retaliatory and discriminatory scheme.

7. Favorable evidence (unspecified) was withheld from Hines.

8. There was no evidence to support a finding of guilt.

9. The conviction was obtained in violation of Hines' rights under the Fourteenth Amendment.

10. The conviction was obtained in violation of Hines' due process rights under Texas law.

11. Hines was sentenced pursuant to unconstitutional federal and state statutory law.

---

[3]In addition to listing numerous respondents who had no connection with his confinement, Hines has presented a voluminous assortment of arguments challenging the validity of his confinement. In addition to being generally unsupported and baseless, many of the grounds are repetitive. The list in this Memorandum Opinion and Order is an abridged version of that presented in the petition, which exceeds 60 pages.

## II.  One-Year Statute of Limitations

Hines' habeas petition is subject to the AEDPA provisions, which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA, federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Hines entered a guilty plea on October 16, 1992.  Therefore, the conviction would have been final on November 15, 1992, the last day he could have filed a notice of appeal.  Tex. R. App. P. 41(b) (1992).  See also Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), citing Flanagan, 154 F.3d at 197.  Under the provisions of the AEDPA Hines had one year from that date to file a federal habeas petition or otherwise file a state habeas application.  See Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004); Flanagan, 154 F.3d at 199 n.1.  Because Hines' conviction became final before the AEDPA was enacted, he is entitled to a reasonable notice of the one-year limitations period.  United States v. Flores, 135 F.3d 1000, 1004 (5th Cir. 1998) (§ 2255 petition).  The Fifth Circuit determined that one year, commencing on April 24, 1996, is a reasonable period.  Id. at 1006.  Petitioners challenging state convictions that were final before the AEDPA's enactment are entitled to the same notice or grace period.  Flanagan, 154 F.3d at 200 n.2.  Therefore, Hines had until April 24, 1997, to file his federal writ unless he had a state application for a writ of habeas corpus pending.  If Hines had properly filed a state application during the grace period, the pending application would toll the

grace period.  Fields v. Johnson, 159 F.3d 914, 915-16 (5th Cir. 1998).

Hines filed his first state habeas application on November 7, 1996, 197 days after the one-year grace period commenced, and the period was tolled during the pendency of the application.  The application was denied on February 12, 1997, and Hines had 168 days, or until July 30, 1997, to take further meaningful action. Because the second state habeas application was not filed until May 6, 2003, it is not relevant in determining the timeliness of the petition because the filing of the second application occurred well after the expiration of the one-year grace period.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

It is clear that Hines' federal habeas petition is untimely under the provisions of 28 U.S.C. § 2244(d)(1)(A) even after granting the benefit of a notice period.  Hines has not shown that he was subject to state action that impeded him from filing his petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate of the claims that could not have been discovered before the conviction became final.  28 U.S.C. § 2244(d)(1)(C), (D).  Therefore, this action is subject to dismissal because it is untimely.

### III.  Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Hines has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be

debatable. Therefore, a certificate of appealability from this decision will not be issued.

### IV.  Conclusion

Accordingly, the court **ORDERS** the following:

1. The Petition for Writ of Habeas Corpus is **DISMISSED with prejudice** because it is untimely. 28 U.S.C. § 2244(d).

2. A certificate of appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

4. The Motion for Submission of Writ in Excess of 18 Pages (Docket Entry No. 3) is **GRANTED**.

5. The Motion for Release from Custody (Docket Entry No. 4) is **DENIED**.

6. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 3rd day of June, 2005.

SIM LAKE
UNITED STATES DISTRICT JUDGE